Peter E. Perkowski (SBN 199491)
peter@perkowskilegal.com
PERKOWSKI LEGAL, PC
515 S. Flower Street
Suite 1800
Los Angeles, California 90071
Telephone: (213) 340-5796

Attorneys for Plaintiff
BACKGRID LONDON LTD.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BACKGRID LONDON LTD., <br> *Plaintiff*, <br> v. <br> EMI-JAY, INC., <br> *Defendant.* | Case No. 2:25-cv-8345 <br><br> **COMPLAINT FOR COPYRIGHT INFRINGEMENT** <br><br> *Jury Trial Demanded* |

Plaintiff BackGrid London Ltd., for its Complaint against Defendant Emi-Jay Inc., alleges as follows:

## JURISDICTION

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C. § 101 et seq. This Court therefore has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 (federal question) and § 1338 (copyright).

## PARTIES

2. Plaintiff BackGrid London Ltd. is a private limited company organized and existing under the laws of the country of the United Kingdom with its principal place of business in London, England.

3. BackGrid is a premier celebrity news and photo agency that provides the world's news outlets with real-time content from top photographers. BackGrid also

1  maintains libraries of photographs on a diverse range of subjects including celebrities,
2  music, sports, fashion, and royalty.
3      4.  BackGrid licenses its photographs to leading magazines, newspapers,
4  and editorial clients, throughout the world, including in the United States and in
5  California.
6      5.  BackGrid conducts business as a syndicator of photos and photo features
7  of popular content. The business model is predicated on licensing the use of work to
8  many different licensees, each of which pays a fee to publish.
9      6.  Defendant Emi-Jay, Inc. is an American hair and beauty accessory brand.
10 On information and belief, Emi-Jay is a California corporation with its principal place
11 of business in Van Nuys, California, in this State and judicial district.
12     7.  On information and belief, Emi-Jay owns and operates the Instagram
13 account @emijayinc, publicly available at www.instagram.com/emijayinc, and/or is
14 responsible for the content posted to that account.
15     8.  This Court has personal jurisdiction over Emi-Jay because it is organized
16 under the laws of the State of California and has its principal place of business in Los
17 Angeles, California, in this judicial district.
18     9.  Venue in this judicial district is proper under 28 U.S.C. § 1400(a).

**BACKGROUND FACTS**

20     10. BackGrid is the owner and copyright holder of three photographic
21 images (the "Images") depicting English singer, songwriter, actor, and fashion icon
22 wearing a Emi-Jay fashion accessory. The Images were registered with the United
23 States Copyright Office as Registration No. VA 2-324-326 (eff. Oct. 12, 2022) and
24 No. VA 2-324-327 (eff. Oct. 12, 2022). The Images were registered with the U.S.
25 Copyright Office within 90 days of first publication.
26     11. BackGrid obtained ownership of this copyright, along with the right to
27 sue for any infringement, from Xposure Photo Agency Inc. by written assignment.
28

12. BackGrid never licensed the Images to Emi-Jay. Nevertheless, Emi-Jay used the Images without authorization or permission to do so, and without paying a license fee.

13. Specifically, defendant or someone acting on its behalf copied the Images from Internet sources—on information and belief including legitimate licensees of plaintiff—stored the Images on servers or computers, and displayed the Images on Emi-Jay's social medical account @emijayinc on Instagram.

14. The Images are creative, distinctive, and—as evidenced by Emi-Jay's use and misappropriation of them—valuable. Because of the Images' quality, visual appeal, and celebrity subject matter, plaintiff earned revenue from licensing them and stood to gain more revenue from licensing.

15. Defendant's unauthorized use of the Images harmed the existing and future market for it. Defendant's Instagram posts made the Images immediately available to its followers and to the public, including consumers of entertainment and fashion news—and especially news and images of the celebrity subjects of the Images—who would otherwise be interested in viewing licensed versions of the Images in the magazines, newspapers, and online publications that are plaintiff's customers. In addition, defendant posted the Images to Instagram the same day BackGrid initially published them for licensing to customers—a critical time during which BackGrid's licensing activity is typically most robust.

16. Defendant's unauthorized use of the Images also harms BackGrid's business model by driving down the prices for legitimately licensed celebrity images and driving away actual and potential customers. BackGrid's customers—among them, media companies who pay large license fees for celebrity visual content—are less likely to purchase licenses, or pay as much for a license, when the same visual content will be widely distributed simultaneously on publicly available websites and social media.

3
COMPLAINT

17. In addition, Emi-Jay's unauthorized use of the Images is commercial in nature. Emi-Jay uses its Instagram feed for the purposes of promotion—specifically, to promote brand awareness and business interests and to attract customers for its goods. In fact, in text accompanying the infringing Instagram posts, Emi-Jay specifically drew attention to its product displayed by a popular celebrity, on information and belief with the purpose of selling more products.

18. As a fashion brand, Emi-Jay operates in an industry in which copyrights are prevalent and well-understood. Based on that knowledge, Emi-Jay was aware of the importance of copyright protection and knew that it needed to have but did not have permission to use the Images, and/or it acted recklessly by posting the Images without determining the right to do so.

## CLAIM ONE

### (For Copyright Infringement, 17 U.S.C. § 501)

19. Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth here.

20. Plaintiff is the copyright owner of the protected Images named above in this Complaint.

21. Defendant has reproduced, displayed, or otherwise copied the Images without plaintiff's authorization or license.

22. The foregoing acts of defendant infringed upon the exclusive rights granted to copyright owners under 17 U.S.C. § 106 to display, reproduce, create derivative works, and distribute its work to the public. Such actions and conduct constitute copyright infringement in violation of 17 U.S.C. §§ 501 et seq.

23. Plaintiff has complied in all respects with 17 U.S.C §§ 101 et seq. and secured and registered the exclusive rights and privileges in and to the copyrights of the above-referenced works in accordance with 17 U.S.C § 408.

24. Plaintiff suffered damages as a result of defendant's unauthorized use of the Images.

25. Having timely registered copyright in the Images, plaintiff is entitled to elect statutory damages under 17 U.S.C. § 412 and § 504(c), in an amount of not less than $750 or more than $30,000 per infringement of each work registered before the infringements.

26. On information and belief, defendant's actions were intentional or in reckless disregard of plaintiff's copyrights, thus supporting an award of enhanced statutory damages for willful infringement under the Copyright Act, 17 U.S.C. § 504(c)(2), in the sum of up to $150,000 per infringed work.

27. In the alternative, plaintiff is entitled to recovery of its actual damages and defendant's profits attributable to the infringement of the Images, under 17 U.S.C. § 504(b).

28. Within the time permitted by law, plaintiff will make its election between actual damages and profit disgorgement, or statutory damages.

29. Plaintiff is also entitled to a discretionary award of attorney fees under 17 U.S.C. § 412 and § 505.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff requests the following:

A. For a preliminary and permanent injunction against defendant and anyone working in concert with her from further copying or displaying the Image;

B. For an order requiring defendant to account to plaintiff for its profits and any damages sustained by plaintiff arising from the acts of infringement;

C. As permitted under 17 U.S.C. § 503, for impoundment of all copies of the Images used in violation of plaintiff's copyrights—including digital copies or any other means by which they could be used again by defendants without plaintiff's authorization—as well as all related records and documents;

D. For actual damages and all profits derived from the unauthorized use of the Images or, where applicable and at plaintiff's election, statutory damages;

E. For an award of pre-judgment interest as allowed by law;

F.  For reasonable attorney fees;

G.  For court costs and all other costs authorized under law;

H.  For such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury of all issues permitted by law.

Dated:  September 3, 2025          Respectfully submitted,

**PERKOWSKI LEGAL, PC**

By:   /s/ Peter Perkowski
         Peter E. Perkowski

Attorneys for Plaintiffs
BACKGRID LONDON LTD.